## RYBISKI et ux. v. BLEDSOE et al.
### No. 17283.

. Court of Appeal of Louisiana, Orleans.
Feb. 26, 1940.

Rehearing Denied March 25, 1940.

Elias Bowsky, of New Orleans, for appellants.

H. L. Hammett, of New Orleans, for appellees.

McCALEB, Judge.

The solidary liability of the defendants, LeRoy D. Bledsoe and his insurer, Lumbermen's Mutual Casualty Company, for the injuries sustained by the plaintiffs in this case has already been determined by our opinion in the matter entitled Mr. and Mrs. Chenet J. Schexnaildre v. LeRoy D. Bledsoe et al., La.App., 194 So. 45, handed down this day, wherein a full statement of the facts and the law of the case will be found.

The only question left for discussion is the quantum of damages to be awarded Mr. and Mrs. Rybiski for the injuries they sustained in the accident. Mrs. Rybiski seeks to recover the sum of $12,000 and Mr. Rybiski claims $2,961.

Dr. Samuel Sternberg, who was Mrs. Rybiski's physician, testified that he examined her on the morning of the accident at the Charity Hospital; that she was later removed to Touro Infirmary where she remained for three days and that she was then taken to the home of her mother where she was confined in bed for a period of two weeks. He diagnosed her injuries to be a severe laceration of the scalp over the left parietal region, a contusion of the left temporal region, a contusion over the

left shoulder and scapula, a contusion in the lumbar and sacro-iliac region of the back, a contusion of the left hip and left leg and right and left ankles; that she suffered a severe shock; that he gave her morphine to relieve her pain and that the laceration on her scalp required five or more stitches. He further says that she was totally disabled from the date of the accident until February 15, 1939, which was the last day on which he visited her and that it was reasonable to believe that her incapacity would continue until May 3, 1939.

Dr. E. A. Ficklen examined Mrs. Rybiski on February 4, 1939, on behalf of the defendant insurer. He says that he found her lying in bed; that, from the history she gave him, she suffered contusions of the left leg, the left gluteal region and the left sacro-iliac region; that, at the time he saw her, there were no visible traces of those injuries; that there was, however, a shaved area just above and slightly behind the left ear in what is known as the left parietal region which showed a well healed wound approximately two and a half inches in length and that this wound had probably required five sutures for its closure. He states that the wound had been well healed and that she told him she was planning to leave for her home in Patterson, Louisiana, that afternoon. He estimates that she would have a further disability of about two weeks from the date of his examination.

■ The foregoing medical testimony reveals that the injuries sustained by Mrs. Rybiski are lacerations, contusions and bruises of her body. We are convinced that, while her hurts were not serious, they were quite painful and that, because of the fact that she remained incapacitated for a longer time than is usual in this type case, she is entitled to a more liberal allowance in damages. Considering all the circumstances of her case, we feel that an award of $750 will grant to her adequate compensation for the suffering and mental anguish she endured.

■ The injuries received by Mr. Rybiski consist principally of contusions and bruises. In addition thereto, an inlay in one of his teeth was knocked out as a result of the blow he received in the accident. This inlay was later replaced by a dentist in Patterson, Louisiana. We believe that an award to him of $250 is fair.

In addition to his claim for the personal injuries he received, Mr. Rybiski also seeks to recover certain items of expense which he alleges he will have to defray. These items are as follows: Medical bill of Dr. Samuel Sternberg for services rendered to him $25; medical bill of Dr. Guy Aycock of Patterson, Louisiana, for services rendered to him $5; dental bill of Dr. Frank Rousseau for replacing the inlay in his tooth $15; loss of earnings $80; medical bill of Dr. Samuel Sternberg for services rendered to Mrs. Rybiski $195; hospital bill for Mrs. Rybiski $21; medical bill of Dr. Aycock for services to Mrs. Rybiski $25; drug bill for Mrs. Rybiski $5 and additional household help for Mrs. Rybiski from the date of the accident to the date of the filing of the suit, or 15 weeks at $6 per week, $90.

■ Of the foregoing items, we will allow recovery of the $15 dental bill, the $5 bill of Dr. Aycock, the $21 hospital bill for Mrs. Rybiski, the $25 bill of Dr. Aycock for services rendered to Mrs. Rybiski and the $5 drug bill for Mrs. Rybiski, since we find that there is ample evidence to support these claims and that the charges made are reasonable.

■ Mr. Rybiski testified that he is a druggist; that he was incapacitated from pursuing his occupation for two weeks and that, during that period, he was compelled to hire someone to take his place at a salary of $40 per week. There was no evidence offered by the defendants to rebut the testimony given by him. In view of this, we will permit him to recover the sum of $80 for expense of wages during the time that he was disabled.

■ With reference to the claim Mr. Rybiski makes for additional household help, which was necessary because of the illness of Mrs. Rybiski, we will allow a recovery of the sum of $6 per week for five weeks or a total of $30. The claim for 15 weeks is not supported by a preponderance of evidence and we are convinced that Dr. Ficklen's statement that Mrs. Rybiski had a future disability of two weeks from February 4, 1939, is correct.

■ The only other items for which claim is made are the bills of Dr. Samuel Sternberg for services rendered to the injured plaintiffs. We think that the charges made by Dr. Sternberg, which are similar to those claimed in the case of Mr. and Mrs. Schexnaildre, are grossly exces-

sive. Dr. Sternberg treated Mr. Rybiski on four different occasions. For the first visit, he charged $10 and for the other three visits $5 each. We believe that a fee of $5 for the first visit and $3 for the subsequent visits is sufficient compensation and we accordingly grant a recovery of $14 for this item of expense.

For services to Mrs. Rybiski, Dr. Sternberg charges $100 for the first treatment, $10 for home visits and $5 for office visits. In conformity with the reasons given by us in the case of Mr. and Mrs. Schexnaildre, we will permit recovery of a fee of $10 for the first treatment, $5 for home visits and $3 for office visits, or a total allowance of $65 for this item of expense.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of Mrs. Ethel Piccu, wife of Stephen H. Rybiski, and against the defendants LeRoy D. Bledsoe and Lumbermen's Mutual Casualty Company, in solido, for the full sum of $750 with legal interest thereon from judicial demand until paid and for all costs and that there be judgment herein in favor of Stephen H. Rybiski and against the defendants LeRoy D. Bledsoe and Lumbermen's Mutual Casualty Company, in solido, for the full sum of $510 with legal interest thereon from judicial demand until paid and for all costs. It is further ordered, adjudged and decreed that plaintiffs' suit, as against the defendant Polk Musical Supply Company, Inc., be dismissed at their cost.

Reversed.